1
2
3
4
5
6
7
8                  UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LADAWN BENCIA ROBLES,                    Case No.  1:22-cv-00598-HBK

12              Plaintiff,                    ORDER GRANTING MOTION FOR
                                              ATTORNEY'S FEES PURSUANT TO 42
13        v.                                  U.S.C. § 406(b)[2]

14   MARTIN O'MALLEY,
     COMMISSIONER OF SOCIAL                   (Doc. No. 20)
15   SECURITY,[1]
                                              ORDER FOR CLERK TO MAIL A COPY OF
16              Defendant.                    ORDER TO PLAINTIFF

17

18        Francesco P. Benavides ("Counsel") of the Law Offices of Francesco Benavides, attorney

19   for Ladawn Bencia Robles ("Plaintiff"), filed a motion seeking attorney's fees pursuant to 42

20   U.S.C. § 406(b) on October 11, 2024.  (Doc. No. 20).  Plaintiff was served with the motion and

21   advised she had 14 days to object.  (*Id.* at 2, 8).  No opposition has been filed as of the date of this

22   Order.  (*See* docket).  For the reasons set forth below, the motion for attorney's fees is granted in

23   the amount of $11,950.00 subject to an offset of $7,200.00 in fees previously awarded on January

24   20, 2023, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).  (Doc. No. 19).

25   ─────────────────────
26   [1] The Court has substituted Martin O'Malley, who has been appointed the Acting Commissioner of Social
     Security, as the defendant in this suit.  *See* Fed. R. Civ. P. 25(d).
27   [2] Both parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C.
     §636(c)(1).  (Doc. No. 10).
28

# I.  BACKGROUND

On May 20, 2022, Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying Plaintiff's claim for supplemental security income and disability insurance benefits under the Social Security Act.  (Doc. No. 1).  On January 4, 2023, the Court granted the parties' stipulation to a voluntary remand pursuant to sentence four of 42 U.S.C. § 405(g).  (Doc. Nos. 15, 16).  The Court entered an award of $7,200.00 for attorney fees under the Equal Access to Justice Act ("EAJA") on August 4, 2023.  (Doc. Nos. 18, 19).

On remand, the Commissioner found Plaintiff disabled beginning in February 2019. (Doc. No. 20-1 at 2).  Plaintiff was awarded $64,228.72[3] in retroactive benefits.  (*See* Doc. No. 20-1 at 2).  On October 11, 2024, Counsel filed this motion for attorney's fees in the amount of $11,950.00 with an offset of $7,200.00 for EAJA fees already awarded.  (Doc. No. 20 at 1). Counsel argues these fees are reasonable because the contingency fee agreement, which Plaintiff signed, permits Counsel to retain 25% of the past-due benefits, and the requested amount is reasonable.  (Doc. No. 20 at 3-5; Doc. No. 20-3).  Defendant filed a response to Plaintiff's motion indicating they would neither support nor oppose Counsel's request for attorney fees pursuant to 24 U.S.C. § 406(b).  (Doc. No. 21).

# II.  APPLICABLE LAW

Attorneys may seek a reasonable fee under the Social Security Act for cases in which they have successfully represented social security claimants. Section 406(b) allows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled….

42 U.S.C. § 406(b)(1)(A).  Counsel for a plaintiff may recover attorneys' fees under both 42

---

[3] Plaintiff noted that the Notice of Award did not specify the total amount of retroactive benefits, and "based on the information in the Notice of Award" calculated the total amount awarded as $76,667.50. (Doc. No. 20 at 3).  However, the Court calculates the total amount awarded as $64,228.72 by multiplying the 25% of past due benefits identified in the Notice of Award by four ($16,057.18 x 4).  (Doc. No. 20-1 at 2).  Regardless, the amount of attorney fees requested by Plaintiff's counsel of $11,950.00 still falls well below the 25% of the past due benefits Plaintiff agreed to pay "for successful prosecution of [the] matter." (*See* Doc. No. 20-3).

1  U.S.C. § 406(b) and EAJA.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).  Counsel, however,

2  must refund to the plaintiff the amount of the smaller fee.  *Id.*

3          Fees in social security cases "are usually set in contingency-fee agreements and are

4  payable from past-due benefits awarded to the claimant."  *Biggerstaff v. Saul*, 840 F. App'x 69, 70

5  (9th Cir. 2020).  The fee is not *borne* by the Commissioner.  *Crawford v. Astrue*, 586 F.3d 1142,

6  1147 (9th Cir. 2009).  This provision's purpose is in part to "ensure that attorneys representing

7  successful claimants would not risk nonpayment of [appropriate] fees."  *Gisbrecht,* 535 U.S. at

8  805 (internal quotations omitted).  When weighing the adequacy of requested attorney's fees,

9  Courts should respect "the primacy of lawful attorney-client fee agreements."  *Id.* at 793.

10  Counsel still bears the burden, however, of showing the requested fees are reasonable.  *Id.* at 807.

11  In determining reasonableness, the court may consider the experience of the attorney, the results

12  they achieved, and whether there is evidence the attorney artificially increased the hours worked

13  or the hourly rate charged.  *Id.* at 807-808; *Crawford*, 586 F.3d at 1151.  Generally, any 406(b)

14  award is offset by attorney fees granted under the EAJA.  *Parrish v. Comm'r of Soc. Sec. Admin.*,

15  698 F.3d 1215, 1219 (9th Cir. 2012)

16                                          **III.  ANALYSIS**

17          Here, Plaintiff signed a fee agreement agreeing to pay Counsel 25% of past due benefits

18  awarded to Plaintiff.  (Doc. No. 20-3).  Counsel was ultimately successful in securing $64,228.72

19  in retroactive benefits for Plaintiff.  (*See* Doc. No. 20-1 at 2).  In support of this motion, Counsel

20  submitted a time sheet indicating the firm expended 31.9 hours in attorney time on this matter.

21  (Doc. No. 20 at 4; Doc. No. 20-4).  The time Counsel spent in successfully attaining Plaintiff's

22  benefits does not appear inflated.

23          Counsel's request for $11,950.00 in fees for 31.9 hours of work results in an hourly rate of

24  $374.60 for the attorney work.  Considering the effective rate of both attorney and paralegal hours

25  in cases involving social security contingency fee arrangements this rate appears consistent with

26  those approved by Ninth Circuit courts.  *Crawford v. Astrue*, 586 F.3d 1142, 1153 (9th Cir. 2009)

27  (explaining that the majority opinion found reasonable effective hourly rates equaling $519.00,

28  $875.00, and $902.00) (J. Clifton, concurring in part and dissenting in part); *Mayfield v. Comm'r*

*of Soc. Sec.*, No. 1:16-cv-01084-SAB, ECF No. 24, at 5 (E.D. Cal. March 19, 2020) (approving

hours rate of $1,025.22 for paralegal and attorney time); *Biggerstaff v. Saul*, 840 Fed. App'x 69,

71 (9th Cir. 2020) (affirming $1,400.00 per hour for combined attorney and paralegal work).

Attorney hourly rates inevitably rise as their experience increases, and Counsel has been

practicing social security law for 14 years.  (Doc. No. 20 at 6).  Based on the foregoing, the Court

finds the requested fees of $11,950.00 are reasonable.  *Gisbrecht,* 535 U.S. at 807-08.

An award of attorney's fees pursuant to 406(b) in the amount of $11,950.00 is, therefore,

appropriate.  An award of § 406(b) fees, however, must be offset by any prior award of attorneys'

fees granted under the EAJA.  28 U.S.C. § 2412(d); *Gisbrecht*, 535 U.S. 796.  As Plaintiff was

previously awarded $7,200.00 in fees pursuant to the EAJA, Counsel shall refund this amount to

Plaintiff.

Accordingly, it is **ORDERED**:

1. Plaintiff's Counsel's motion for an award of attorney's fees under § 406(b) (Doc. No. 20) is GRANTED.

2. Plaintiff's Counsel is awarded $11,950.00 in attorney fees pursuant to 42 U.S.C. § 406(b).

3. Counsel shall refund to Plaintiff $7,200.00 of the § 406(b) fees awarded as an offset for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).

4. The Clerk of the Court is respectfully directed to serve a copy of this Order on Plaintiff Ladawn Bencia Robles, 600 N. Acacia Street, Woodlake, CA, 93286.

Dated:   October 29, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4